## Staples *vs.* Fairchild.

In the proceeding by attachment against a debtor who is a non-resident of the state under 2 *R. S.* 3, § 1, &c. the application must show, either that the creditor resides within the state, or that the debt arose upon a contract made within the state. Otherwise, the officer does not acquire jurisdiction to grant the attachment.

And it is not enough to satisfy the statute, that a place of residence within the state, is mentioned in the application immediately after the applicant's name, by way of recital or description merely. Nor is it enough that the affidavit of the creditor annexed to the application names him by way of recital as a resident of the state.

Although the statute (§ 62) declares that the appointment of trustees shall be conclusive evidence of the *regularity* of the previous proceedings, yet the jurisdiction of the officer to grant the attachment may be contested.

Where the witnesses whose affidavits are used to prove "the facts and circumstances to establish the grounds on which the application is made," do not appear to have any interest in the debt sworn to by the creditor, they will be presumed to be disinterested. *Per* Jewett, C. J.

It is not necessary that the debt due to the attaching creditor should be proved by the affidavits of the witnesses. It is enough if they show the non-residence of the debtor, where he is proceeded against as a non-resident. *Per* Jewett, C. J.

Where certain facts are to be proved before a court or officer of special and limited jurisdiction as a ground for issuing process, and there is a *total* defect of evidence, the process will be void. *Per* Jewett, C. J.

But where the proof has a legal tendency to make out a proper case in all its parts for the jurisdiction of the court or officer, although such proof may be slight and inconclusive, the process will be valid until set aside on a direct proceeding for that purpose. *Per* Jewett, C. J.

Ejectment, brought by Staples against Fairchild, in the supreme court, for lands in Erie county, tried before Sill, J. in February, 1848.

The plaintiff claimed title as a purchaser at a sale made by trustees, appointed in a proceeding by attachment against one Bradley, as a non-resident debtor. The attaching creditor was Giles Sanford, on whose petition a supreme court commissioner residing in the county of Albany, in February, 1843, issued the attachment in question. On the trial, the plaintiff gave in evidence the attachment and proceedings thereunder, the appoint-

ment of trustees, and the sale and conveyance, by them to the plaintiff, of the premises in question. He then gave evidence tending to prove that the defendant, at the commencement of the action, was in possession under Bradley, the debtor, and rested. The defendants moved for a nonsuit, which was granted. A bill of exceptions was made by the plaintiff, on which the supreme court refused a new trial, and after judgment the plaintiff appealed to this court. The questions made on the trial and the particular facts on which they arose, will appear in the opinion of the court.

*J. L. Talcott*, for appellant. I. It was not necessary that the residence of the creditor should be stated either in the application for the attachment or in the affidavits of the witnesses. (2 *R. S.* 3, § 4, 5; 1 *R. L.* 157, § 1, 23; 21 *Wend.* 316.) Even if this is necessary, the residence of the creditor is sufficiently stated in his application and affidavit. (*See the cases cited*, 1 *Petersd.* 254, 255, *and in* 1 *Harr. Dig.* 60.) Moreover, the appointment of trustees was conclusive evidence of the regulartiy of the previous proceedings. (2 *R. S.* 13, § 62.)

II. No evidence was required that the witnesses were disinterested ; that being a legal presumption. But if it were necessary, the proofs in the case before the officer did, *prima facie*, establish their disinterestedness. It was shown that the debt was due from Bradley to Sanford, and if so, *prima facie* at least the witness had no interest in it.

*S. G. Havens*, for respondent.

JEWETT, Ch. J. The revised statutes (2 *R. S. p.* 3, §§ 1, 2, 3, 4, 5, 6,) provide for attaching the real and personal property of a debtor for the payment of his debts, in the following cases : 1. Whenever such debtor, being an inhabitant of this state shall secretly depart therefrom, with intent to defraud his creditors, or to avoid the service of civil process, or shall keep himself concealed therein, with the like intent. 2. Whenever any person not being a resident of this state, shall be indebted on a contract

Staples *v.* Fairchild.

made within this state, or to a creditor residing within this state, although upon a contract made elsewhere. The first point made in this cause involves the question, whether Judge Wilson, who issued the attachment upon the application of Giles Sanford, by virtue of which the premises in question were seized and subsequently sold, and under which the plaintiff claims title, had jurisdiction. Section four of the statute provides that the application to the judge for such attachment shall be in writing, verified by the affidavit of the creditor, or of the person making the same, in his behalf, in which shall be specified the sum in which the debtor is indebted, over and above all discounts, to the person in whose behalf such application is made, and the *grounds* upon which the application is founded.

The application for an attachment against the property of Bradley was probably intended to be predicated upon the facts that the creditor was a *resident* of this state, or that the contract upon which the indebtedness arose was *made* within this state, and that the debtor was a resident of the state of Connecticut. Sub. 2 of § 1 of the statute gives jurisdiction to the judge to issue the attachment only in cases where the debtor is not a resident of this state, and is indebted upon contract to some person *residing* within this state, or to some person upon contract *made* within this state. These facts the statute requires to be stated in the application, and to be verified before the judge to whom the application is made, by the affidavit of the creditor, or of the person making the application in his behalf, as the ground for issuing the attachment or warrant. Although the application of Sanford, the creditor, was in writing and verified by his affidavit; and in it was specified the sum in which Bradley was indebted to him, over and above all discounts, and that such demand arose upon contract, and that Bradley was not a resident of this state, but a resident of the state of Connecticut; it does not state, as the grounds upon which the application was founded, either that Sanford *resided* within this state, or that the indebtedness of Bradley to him arose upon a contract *made* within this state. It was first said on the argument that it was not necessary that the *residence* of the creditor

should be stated in the application. That would be true in a case where the *residence* of the creditor was not the ground relied on, to give jurisdiction to the officer to issue his warrant or attachment. Where the application omits to state that the residence of the creditor is within this state, to show jurisdiction in the officer, it must state that the contract upon which the indebtedness arose, was *made* within this state. It is not enough to specify the sum of the indebtedness, that it arose upon contract, and that the debtor was a non-resident of this state. But to give jurisdiction to the officer, it must be also stated in the application, either that the creditor *resides* within this state, or that the indebtedness arose upon a contract *made* within this state.

It was next said that if it was necessary that the residence of the creditor should be stated in the application, it was sufficiently stated in the application made by Sanford. In describing the applicant in the application presented to Judge Wilson for the attachment or warrant, it was stated, "the petition of Giles Sanford, of the city of Albany, respectfully sheweth," &c. and the affidavit verifying it stated that "Giles Sanford, of the city of Albany, being duly sworn says, that he has a demand against Scudder Bradley of $866 $\frac{94}{100}$ personally, arising upon contract, over and above all discounts; and that the said Scudder Bradley resides at Westport, in the county of Fairfield, in the state of Connecticut, or elsewhere out of the state of New-York, and further this deponent says not." It is obvious that the application contains no statement or averment in express terms that Giles Sanford resided at Albany. But if the recital, contained in the application, of his being "of the city of Albany," could be held to amount to a positive or express statement of the residence of Sanford; that fact is not verified by his affidavit, there is no *oath* to the fact of his residence. The affidavit merely verifies the fact of the indebtedness of Bradley to Sanford; that it arose upon contract, and that Bradley was a non-resident of this state, and resided in the state of Connecticut. (*Ex parte Bank of Monroe*, 7 *Hill*, 177.) The requirements of the statute are not complied with, unless the grounds upon which the application is founded are expressly stated and veri-

fied by the affidavit prescribed by the statute; and whether residence of Sanford in this state, or that the contract upon which the indebtedness arose was made in this state, was one of the grounds, is not stated in the application in terms, or in any form verified by the affidavit.

It was, however, contended on the argument that the appointment of trustees in that proceeding, was conclusive evidence of the regularity of the previous proceedings, and 2 *R. S.* 13, § 62 was cited to sustain that point. It is as follows: "Such appointment of trustees, the record thereof, and the transcript of such record duly certified, shall in all cases, except on hearing of a petition referred to any court as hereinbefore provided, be conclusive evidence that the debtor therein named was a concealed, absconding or non-resident debtor, within the meaning of the foregoing provisions, and that the said appointment and all the proceedings previous thereto, were regular." This section is a copy of a part of the 26th section of the former act, (1 *R. L.* 163,) which declared that the appointment of trustees should be conclusive proof in all courts that the debtor was at the time *absconding, concealed or absent*, within the meaning of the act, and that the appointment and proceedings previous thereto were regular. I think that a correct construction was given to this section by the supreme court, (*in the Matter of Hard*, 9 *Wend.* 465,) where it was said, that its effect was to preclude all inquiry into the regularity of the proceedings, and to estop the party from denying that he was an *absconding, concealed* or *absent* debtor; but that it did not debar him from contesting the jurisdiction of the officer, or insisting that his case is not within the statute.

Section five of the statute makes it necessary that the facts and circumstances to establish the grounds on which such application is made, shall also be verified by the affidavit of two disinterested witnesses. It was contended that the witnesses must be proved to be disinterested, and that it could not be presumed, to sustain the jurisdiction of the officer. The case made by the proof of the applicant showed that the debt was due from Bradley to him, and nothing appeared that the two witnesses had

any interest in the debt; but on the contrary, it appeared affirma‑ tively that neither of them had any interest in it. Having no in‑ terest in the debt, the law will presume them disinterested *prima facie* at least. The fact of the non-residence of Bradley was verified by the affidavits of the two witnesses, and that was the only part of the case which by the true construction of section five is required to be verified by the affidavits of two disinterest‑ ed witnesses. (*In the matter of Brown*, 21 *Wend.* 316.)

There was a total defect of evidence as to one fact, essential to give the judge jurisdiction; that is, that the residence of San‑ ford was within this state, or that the contract, upon which the indebtedness of Bradley to Sanford arose, was made in this state. There was conferred upon Judge Wilson a special and limited jurisdiction. It is well settled that when certain facts are to be proved to a court having only such a jurisdiction, as a ground for issuing process, if there be a total defect of evidence as to any essential fact, the process will be declared void, in whatever form the question may arise. But when the proof has a legal ten‑ dency to make out a proper case, in all its parts, for issuing the process, then, although the proof may be slight and inconclu‑ sive, the process will be valid until it is set aside by a direct pro‑ ceeding for that purpose. In one case, the court acts without authority; in the other, it only errs in judgment upon a ques‑ tion properly before it for adjudication. (*Miller* v. *Brinkerhoff*, 4 *Denio*, 119, *and the cases there cited ; Den* v. *Turner*, 9 *Wheat*. 541.) In one case, there is a defect of jurisdiction; in the other, there is only an error of judgment. Want of jurisdiction makes the act void; but a mistake concerning the just weight of evidence, only makes the act erroneous, and it will stand good until reversed.

The attachment or warrant issued by Judge Wilson, having been issued without jurisdiction, was void. The subsequent proceedings fall with it, and therefore the plaintiff failed to show any title to the premises in question. The judgment of the supreme court must be affirmed.

Judgment affirmed.