Gardiner, J.
 

 The motion for a nonsuit was properly overruled. 1. Because the agreement to arbitrate only entitled the party to damages, but was no bar to an action.
 
 (Mitchell
 
 v.
 
 Harris,
 
 2 Ves. Jr. 129, Sumner’s ed. and note; 8 T. R. 139; 2 Story’s Eq. §§ 1457-8.) 2. Because the arbitration clause in the building agreement between the plaintiffs and Brandegee, is limited to “ any dispute which should arise respecting the
 
 work
 
 or
 
 finish
 
 of the building.” The plaintiffs have brought their action, among other things, for the last instalment due on the completion of the work; this subject is not within the letter, nor the spirit, of the covenant to arbitrate. 3. Because, if it should be granted that the plaintiff had agreed to arbitrate on this subject, they have done so, as the defendants insist, and as appears by the evidence.
 

 There was no evidence, nor did the defendants suggest, that the -plaintiffs had, by their misconduct or neglect, prevented the making of a valid award, within the time fixed by the bonds of the parties; the neglect, for aught that appeared, was attributable to the arbitrators, and not to the parties. No action, therefore, could have been-sustained against the defendant on the bond of submission. And as the articles contained, a penalty, and an express covenant by the defendant to pay the instal
 
 *400
 
 ment for which the action was brought, the plaintiffs could, at their election, sue for either. (1 Chitty’s Plead. 135.) Again, the defendants had simply denied the execution of the bond, and thereby admitted the averment in the declaration, that $800 was due and owing to the 'plaintiffs on these articles. After an admission of record to this effect, a nonsuit, for the reason urged, would have been somewhat singular.
 

 The exception to the charge was too general. It has over and again been held, that a party can take nothing by a *general exception to a charge containing distinct propositions, unless he is prepared to maintain that each of them is erroneous, and to his prejudice.
 

 The defendants, at the trial, offered to prove
 
 “
 
 that at the time of talcing out the attachment mentioned in the pleadings, and at the time of the giving of the bond in suit, the debtor, Brandegee, was not a non-resident of the city of New York, but a resident; that he had been absent about three years, in attending a lawsuit at New Orleans, and returned in the spring of 1848.” The judge excluded the evidence on the grounds— 1. That the offer itself showed the debtor to be a nonresident, at the time when the attachment issued, within the spirit of the act: 2. That the giving of the bond to discharge the attachment, prevented him from showing such fact; and the defendant excepted. This exception presents the only question in the cause, worthy of serious consideration.
 

 The ruling of the judge was probably correct, for the reasons assigned by him.
 
 In the Matter of Thompson
 
 (1 Wend. 45), the distinction was taken between the
 
 residence
 
 of the debtor, and his
 
 domicil.
 
 It was there held, that his residence might be abroad, within the spirit of the statute, which was intended to give a remedy to creditors whose debtors could not be served with process, while his domicil continued in this state. In
 
 Frost
 
 v.
 
 *401
 

 Brisbin
 
 (19 Wend. 14), it was said, in a case like the present, that actual residence, without regard to the domicil of the defendant, was within the contemplation of the statute. It was part of the offer of the defendants, to prove, that the debtor left this state in November 1844, and returned in the spring of 1848, and that this absence of three years and a half was necessary to accomplish the business in which he was engaged. He was therefore
 
 a non-resident,
 
 when the attachment was issued, within these decisions, although
 
 domiciled
 
 in New York.
 
 [1]
 

 Again, the defendant was concluded by his bond, from alleging his residence in this state, in this action. The fact *of residence must, from its nature, be
 
 ’ ’
 
 peculiarly within the knowledge of the debtor; he
 
 knows
 
 what the creditor can only infer from circumstances. The fact itself is not jurisdictional, although competent proof of that fact is. (2 R S. 3, §§ 4 and 5.) This makes the distinction between this case and the one in 6 Cowen 136, and the authorities there cited. Here, the preliminary proceedings were regular, as the defendants themselves assume; the officer, therefore, acquired jurisdiction to issue the warrant, and the property of the debtor was rightfully in the custody of the law, when the bond was executed as a means of discharging the attachment, under the 55th and 56th sections of the statute. In
 
 Kanouse
 
 v.
 
 Dormedy
 
 (3 Denio 569), the question was as to the residence of the
 
 creditor,
 
 and it was held, in a case like the present, that the bond was
 
 primé facie
 
 evidence of the regularity of the proceedings. (See 26 Wend. 510;
 
 Staples
 
 v.
 
 Fairchild,
 
 3 N. Y. 41)
 

 Again, by §§ 44-5 and 46 of the statute, a mode is provided, in which this question of non-residence can be summarily tried, upon the application of the debtor,
 
 *402
 
 and the execution of a bond for costs. If the determination is in favor of the debtor, all the proceedings under the attachment are terminated. (§ 48.) He has, therefore, two remedies for the. release of his property: one, by contesting the fact of his non-residence when the warrant issued; the other, by giving a bond to pay such judgment as shall be subsequently recovered by the creditor in due course of law. When he elects the latter remedy, he ought not to raise the issue which he has voluntarily declined, in a defence to a suit brought for an entirely different purpose, and thereby deprive the creditor of his security for costs, to which he would have been entitled, had the application for a trial been made as provided by the statute.
 

 Judgment affirmed.
 

 [1]
 

 Followed, in Burrill
 
 v.
 
 Jeivett, 2 Rob. 701.