Monell, J.
The theory of the charge was, that unless the jury should find that notice of the time and place of the appraisement was given to the defendant, the plaintiff could not recover. In other words, that the only cause of action upon which the plaintiff could in any event recover, was the award made by Hughes, the chosen appraiser.
If notice of the time and place of the appraisement was necessary, there was sufficient conflict of evidence to render it *191 proper to submit that question to the jury. Under the view of the learned justice, notice was necessary, and if it was not given, the appraisement would be utterly void, and of no effect. The jury, by their verdict, have found that such notice was not given. The question, then, is, whether the award being void, the plaintiff can resort to the original cause of action, which was intended to be liquidated and disposed of by the appraisement.
The lease contained an independent covenant on the part of the defendant to pay all damage to the house or furniture. This was followed by a further agreement, that Hughes should determine the amount of the damage ; which amount, when assessed, the defendant agreed to pay to the plaintiff.
It has repeatedly been decided that provisions in agreements for the appraisal of damages, or the ascertainment of value, are revocable by either party, and except where, as in this case, there is an express promise to pay, are not conclusive upon either party. (Hays v. Hays, 23 Wend. 363. Brady v. Mayor of Brooklyn, 1 Barb. 584.) And it has also been repeatedly decided that where the award is void, resort may be had to the original cause of action. (Mayor of New York v. Butler, 1 Barb. 325. Haggart v. Morgan, 5 N. Y. Rep. 422, and cases there cited. Hart v. Lauman, 29 Barb. 410.)
It is clear, I think, that irrespective of the award, and regarding it, as we must, as utterly void, the action is maintainable upon the covenant to pay damages. It was, therefore, error to instruct the jury to find for the defendant, if they found the award to be void, by reason of no notice having been given. By such instruction the other cause of action of the plaintiff was excluded.
The only difficulty that has presented itself to me in the case is, that it does not appear that the plaintiff claimed at the trial to recover irrespective of the award, or that the attention of the learned justice was called to any other cause of action than the award. Some evidence was given of the amount of damage to the house and furniture, and it would have been competent for the jury to have given their verdict for the plaintiff.
*192 If this case came to us upon exceptions only, I should be inclined to refuse a new trial. The objection that the charge excluded a recovery upon the other cause of action ought not to be taken now, for the first time. But this is a .case, and we must look into the evidence to see if it sustains the verdict. There was uncontradicted evidence that the house and furniture were damaged to some extent, and the plaintiff was therefore entitled to a'verdict in some amount.
For this reason there must be a new trial, with costs to the appellant to abide the event.
The judgment and order should also be reversed.