HENRY REINMILLER v. EDWIN T. SKIDMORE and another.

(GENERAL TERM, SECOND DEPARTMENT, 1872.)

It seems an affidavit, on application for an attachment to a justice of the peace, showing grounds under the Revised Statutes and also under the act of 1831 (chap. 300, § 30, &c.), will authorize its issue under either.

And when a summons has been taken out against the defendant in the attachment, and the subsequent proceedings are in conformity with the act of 1831, that it may be presumed to have issued under that act, and although it contains a recital that it is issued upon proof that the defendant is about to depart, &c.

If the justice approves the bond it will uphold his jurisdiction against a stranger to the proceedings. *e. g.*, a lessor of the property levied on, not party thereto, notwithstanding a mistake in the condition, *e. g.*, an omission to provide for the payment of all moneys received from the property levied on, over and above, &c.

Reversal of the judgment in the action on which execution has issued

against the attached property does not, it seems, invalidate the levy or sale, or make either the party or officer a trespasser.

It merely annuls the title acquired through the sale, and entitles the owner of the chattel to recover it from any one into whose possession it has come.

One holding a chattel for a time, e. g., a year, paying monthly sums for a particular use and no other, and prohibited from selling or loaning, is not a lessee, but mere licensee, having no interest liable to an attachment against his property.

THIS was a motion upon a case and exceptions for judgment on the verdict of a jury ordered to be heard in the first instance at General Term.

The plaintiff sued to recover the possession or value of a baker's wagon, which he had let to one Faust, a baker, by written instrument, for one year, at a monthly rent of ten dollars, payable on the first day of each month, and containing also the following provisions : " The use of said wagon is only for his baker business, and not for any other use. The party of the second part is not allowed to sell said wagon or to make a loan of the same."

It appeared that Faust was indebted for goods sold and delivered to the defendant Skidmore, who applied to a justice of the peace at Newburgh, Orange county, for an attachment, under the provisions of the several statutes of the State, against Faust's property, upon his own affidavit and that of one Bull, his clerk, from which it appeared that the claim arising on contract, as mentioned, was for forty-two dollars, and that the application was made on the ground that Faust was about to depart from the county of Orange, where he resided, with intent to defraud his creditors. The affidavit also set forth facts showing that Faust was secretly causing his property to be removed from that county, and had abandoned his home and place of business, and kept himself concealed, with like intent, viz., to defraud Skidmore and other creditors.

The justice took and approved of a bond in the penalty of $100, given by Skidmore and another, conditioned for the payment of all damages and costs by reason of the issuing of the attachment if he (Skidmore) should fail to recover judg-

ment, and also conditioned that if Faust should recover, Skidmore would pay all moneys which should be received by him (Skidmore) from any property levied upon under an attachment, over and above the amount of the judgment and interest and costs thereon, and an attachment issued to Roche, a constable, the other defendant here, reciting that "whereas Edwin T. Skidmore hath applied for an attachment against the property of F. Faust, against whom he hath a claim for goods sold, arising on contract, $42.02, and produced satisfactory proof that the said F. Faust is about to depart the county of Orange with intent to defraud his creditors," and commanded any constable, &c., to attach so much of the goods, &c.

By virtue of this attachment Roche levied on the baker's wagon, then in the possession of Faust, who held under the written instrument, a year not having elapsed from its execution and delivery to him.

A summons was afterward issued to Faust in favor of Skidmore, and judgment went against him by default in Skidmore's favor. Execution was issued upon the judgment, and the wagon, then being in the constable's hands, was sold by him and possession delivered to the purchaser.

Faust afterward appealed from the judgment rendered against him by the justice, and it was reversed.

The plaintiff demanded possession of the wagon from Roche while he held it under the attachment, and brought this suit after expiration of the term for which Faust was entitled to it.

*John Miller,* for the plaintiff.

*Fullerton & Anthony,* for the defendant.

Present—BARNARD, P. J., GILBERT and TAPPEN, JJ.

By the Court—GILBERT, J. The affidavit was sufficient to authorize an attachment to be issued, pursuant to either the

Revised Statutes or the act of 1831. (2 R. S., 230, § 26; Laws of 1831, § 34.) Under the former statute, an attachment may issue, on proof that the debtor is about to depart from the county, while the proof required by the latter is confined to acts of the debtor, relating to his property. The affidavit contains all that is required by both statutes, but it might be inferred, if it was material, that the attachment was issued under the act of 1831, because a summons was taken out against the defendant in the attachment, and the subsequent proceedings were in conformity with that act.

The bond given was in the penalty required by the act of 1831, and although a mistake was made in the condition of it, yet it was approved by the justice, and as against the plaintiff, a stranger to the proceeding, it ought to be held sufficient to uphold his jurisdiction. (*Bascom* v. *Smith*, 31 N. Y., 595.) The defendant in the attachment might have waived the defect, and that seems to be the test, whether it was a nullity or a mere irregularity. (*Clapp* v. *Graves*, 26 N. Y., 418.)

We think the return of the constable was a substantial compliance with the statute.

Parol evidence of the execution and of the sale thereunder, was admitted without objection. It is too late now to raise that objection.

The cases of *Hull* v. *Carnly* (1 Kern., 501; S. C., 17 N. Y., 202), and the authorities therein cited, are decisive of the right to sell the interest of a lessee of a chattel, by virtue of an execution against him, and to deliver possession of the chattel pursuant to the sale, as was done in this case. Nor does a reversal of the judgment on which the execution issued, in such a case, invalidate the levy or sale, or make either the party or the officer a trespasser. It merely annuls the title acquired by means of the sale, and entitles the owner of the chattel to recover it from any one into whose possession it has come.

If, therefore, the interest of Faust in the chattel had been that of lessee, as all parties have assumed, the defendant would have been entitled to judgment. But it was not such

an interest.  The instrument of hiring provided that "the use of said wagon" should be "only for his baker business, and not for any other use," and prohibited a sale or loan of the wagon.  The legal effect of the instrument was to confer upon Faust merely a personal license to use the wagon.  Such an interest cannot be the subject of sale under an execution. For this reason the plaintiff is entitled to judgment.

Judgment accordingly.