## Brown v. Mayor of New York.

*Statutory proceedings — must be strictly followed.    New York city.    Evidence — official certificate.*

It is a well-settled rule in respect to all purely statutory proceedings that if a compliance with the requirements appears to have been omitted in any essential respect, the determination ultimately made is a nullity. And the want of jurisdiction may be inquired into in a collateral proceeding.

By Laws 1872, chapter 580, it was provided with respect to certain contracts for public work in the city of New York, informally entered into and not binding on the city, that commissioners therein named should, upon notice to the comptroller, and with an opportunity to all interested parties to be heard,

examine into such contracts and certify their determination, and if they should certify that no fraud was perpetrated in relation to any contract, such contract should become valid and binding upon the city, and that the certificate made should be final and conclusive on the question of fraud. *Held,* (1) that a conformity to the requirements of the statute was essential to confer jurisdiction on the commissioners, and that a certificate given without an opportunity to the comptroller to be heard, and without an examination, was not valid ; (2) that the certificate was only presumptive evidence of the performance by the commissioners of the required acts, and (3) that such certificate would not be conclusive upon the question of the due performance of the contract, or any other question but fraud.

APPEAL by defendants from a judgment in favor of plaintiff, entered upon the report of a referee.

The action was brought by John L. Brown against the Mayor, etc., of the city of New York, to recover upon a contract for public work. The necessary facts fully appear in the opinion.

*E. Delafield Smith* and *James M. Smith,* for appellants.

*John E. Develin,* for respondent.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

DANIELS, J. The recovery in this action was for work done and materials supplied in performing a contract not entered into in the manner provided for by certain laws relating to the city of New York, and for that reason, incapable of being enforced by legal proceedings. In 1872, an act was passed for the relief of claimants under contracts defectively entered into for city improvements which included the one made with the plaintiff. It provided that certain commissioners named in it, upon notice served within thirty days after the passage of the act on the comptroller, should examine into the facts and circumstances relating to such contract, and also into the work performed under the same; that they should give an opportunity for a hearing to the parties interested, serving such notice, and to the comptroller of the city of New York ; and within ninety days after the passage of the act, should certify their determination on the contract submitted to their examination. If they became satisfied that no fraud was perpetrated in relation to the contract or the performance thereof, then they were required to make a certificate to that effect ; and from that time the contract

became valid and binding upon the defendants, and the certificate made was declared final and conclusive as to all questions of fraud in relation to such contract and the performance thereof. Laws of 1872, chap. 580, §§ 1, 2.

The proceeding provided for was in the nature of a trial, on which it was essential that an opportunity for a hearing should be given in order to render the certificate of the commissioners binding and obligatory. That was expressly declared by the second section of the act, and it was only by conforming to that requirement that authority was given to the commissioners to make a decision. Without an opportunity for a hearing and an active investigation by them they could not conclude either party to the proceeding provided for. It was statutory and special in its nature, requiring a substantial compliance with the course prescribed to confer jurisdiction. That is the well-settled rule in respect to all purely statutory proceedings as this was. And if a compliance with the requirements appears to have been omitted in any essential respect, the determination ultimately made is a nullity. *Bloom* v. *Burdick*, 1 Hill, 131; *Stone* v. *Miller*, 62 Barb. 431, 442; *Miller* v. *Brinkerhoff*, 4 Denio, 118; *Staples* v. *Fairchild*, 3 N. Y. 41, 46; *People* v. *Soper*, 7 id. 428, 431. And this want of jurisdiction may be inquired into in a collateral proceeding. *Chemung Canal Bank* v. *Judson*, 8 N. Y. 254.

The defendants' answer averred that no opportunity had been given to the comptroller to be heard in relation to the certificate which the commissioners made upon the plaintiff's contract, and that he was not heard either in person or by counsel. And it further alleged that they adjourned *sine die* without having examined into the facts and circumstances relating to the plaintiff's contract, and without having heard the plaintiff or the comptroller in relation to it, and without having passed upon it.

After the plaintiff rested his case, consisting in part of proof of the contract and the certificate of the commissioners upon it, the defendant offered to show by Mr. Strahan, the counsel for the city, that the contract was never presented to the commissioners, and that it was never investigated by them. This was excluded on the plaintiff's objection, and the defendants excepted. The witness was also asked whether there was any investigation before the commissioners as to the performance of the work or the execution of the contract, or as to whether any fraud had been perpetrated in

reference to or in making it. That upon like objection was excluded and the defendants excepted.

The rulings cannot be sustained. If the facts were as the defendants proposed to show them then the certificate was a nullity, for it was made without authority. The commissioners had no power under the statute to make it if the contract was neither presented to nor investigated by them. Their certificate was but presumptive evidence at most, and the defendants offered by proof to overcome the presumption by showing that the facts stated in it were not true. Before they could lawfully make it they were required to examine into the facts and circumstances relating to the contract that they certified they had done. But the substance of the offer made was to show that to be untrue. By the disposition made of other similar offers the certificate seems to have been relied upon as conclusive. And so it would have been if the commissioners acquired jurisdiction to make it in the manner prescribed by the statute. But if they did not it was without effect, and the contract continued to be invalid.

An offer was also made to show that the plaintiff had not done the work as it was required by the contract. That was objected to and the evidence excluded, and the defendant in like manner excepted. The certificate seems to be relied upon in support of the exclusion of that evidence. But it cannot be attended with that effect. For when made as the result of the investigation prescribed by the statute it simply rendered the contract binding, and the decision was made final and conclusive only as to all questions of fraud in relation to the contract and the performance of it. Laws 1872, chap. 580, § 2. It was not made conclusive as to the fact of performance, but that there was no fraud in the performance so far as it might have extended.

The provision in the contract on this subject was, that the plaintiff should not be entitled to demand or receive payment for any portion of the work or materials until the same should be fully completed in the manner set forth in the agreement, and such completion be duly certified by the surveyor and inspector in charge of the work, nor until each and every stipulation previously mentioned should be complied with and the work completed to the satisfaction of the commissioner of public works, and accepted by him. This clause in the contract required not only that the certificate of the inspector and surveyor should be procured, that the

work was performed as the contract required it to be done, but, in addition to that, that it should be, as a matter of fact, fully completed in the manner set forth in the agreement. And as the certificate, or decision of the commissioners, was not rendered conclusive on this subject, and the inquiry was not excluded on the certificate of the surveyor and inspector, and the acceptance of the work by the commissioner of public works, the evidence which the defendants offered should have been received. It was error to exclude this proof as well as that offered to show that the commissioners had made their certificate without conforming to what the statute required from them, in order to give them jurisdiction to make it at all.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

*Judgment reversed and new trial ordered.*