## SIMPSON V. BURCH.

## CLARKE V. BURCH.

*Service — substituted service — what sufficient to authorize — Judgment — irregular cannot be impeached by junior creditor.*

An affidavit of the sheriff of the county where a defendant resided that he had made diligent and proper efforts to serve the summons upon defendant by going to his residence and place of business, but that he could not be found in this State, *held*, sufficient to warrant an order for substituted service. ·

An omission to serve a summons personally or by publication within thirty days after the allowance of an attachment, although an irregularity which would entitle the defendant to avoid the proceedings, does not render them void as to a third person, *e. g.;* a junior judgment creditor.

APPEAL by Solomon L. Simpson from an order at the special term denying a motion to set aside a judgment.

The motion was made by the plaintiff in a judgment recovered by Solomon L. Simpson against Thomas F. Burch to set aside a prior judgment against the same defendant, recovered by John Clarke and others. The ground for the motion was that the court had no jurisdiction to render the prior judgment, the summons in the action not having been served personally upon the defendant, but by substituted service, and that the order for such substituted service was granted upon an insufficient affidavit. The affidavit in question was made by the sheriff of the county where the judgment debtor last resided, and where he did business, and read as follows:

"Henry H. Lyman, being duly sworn, says that he is sheriff of the county of Oswego aforesaid; that a summons, a copy of which is hereto annexed, was delivered to him for service upon the defendant, Thomas F. Burch; that the defendant, Thomas F. Burch, resides in this State, to wit: at the city of Oswego, N. Y.; that this deponent has made diligent and proper efforts to serve the said summons upon the said Thomas F. Burch, to wit: by going to the place of business and residence of said Thomas F. Burch, but that the said Thomas F. Burch cannot be found in this State; that deponent was informed by C. W. Ott that the said Thomas F. Burch has left this State, and deponent cannot ascertain when he will be at home, although he has made diligent inquiry."

Such other facts as are material appear in the opinion.

*C. H. David,* for appellant.

*Howe & Rice,* for respondents.

Present — MULLIN, P. J., E. DARWIN SMITH and GILBERT, JJ.

GILBERT, J. The plaintiffs have recovered a judgment in this court against the defendant, on which an execution has been issued and a levy made upon his goods. Mr. Simpson, a junior creditor of the defendant, by a judgment upon which an execution has been issued to the same sheriff, moved, at special term, for an order vacating and setting aside the judgment and execution of the plaintiffs, on the ground that the court acquired no jurisdiction of the defendant. It appears that the defendant was not served personally, but that an order was made by the county judge of Oswego county, where the venue was laid for a substituted service, pursuant to the act of 1853, chap. 511, to facilitate the service of process in certain cases as amended in 1863, chap. 212. The order was made upon an affidavit of the sheriff of Oswego county, stating that he had made diligent and proper efforts to serve the summons upon the defendant by going to his place of business and residence, but that he could not be found *in this State.*

It is objected that the affidavit does not show that the sheriff made diligent and proper efforts to serve the summons personally, or that the defendant could not be found. We think the affidavit was sufficient to authorize the county judge to make the order. The evidence presented to him was competent, and tended to prove the facts on which his authority to issue the order depended. Nothing more is required. *Miller* v. *Brinkerhoff,* 4 Den. 118 ; *Staples* v. *Fairchild,* 3 N. Y. 41 ; *Skinnion* v. *Kelly,* 13 id. 355 ; *Collins* v. *Ryan,* 32 Barb. 648. It is urged that the statement that the defendant could not be found *in this State* vitiated the affidavit. The answer is, that it was some evidence to prove that the defendant could not be found anywhere, within the meaning of the act of 1853. Whether it was sufficient to satisfy the county judge or not, was for that officer to decide. In *Collins* v. *Campfield,* 9 How. 519, and *Foot* v. *Harris,* 2 Abb. 454, the affidavit on which the order was made showed where the defendant might be found out of the State. When such a fact appears in the affidavit, it is

proved affirmatively that the defendant can be found, and the order should not be made. Those cases are clearly distinguishable from this.

As against the present applicant we think the attachment proceeding is sufficient to uphold the judgment. Section 139 of the Code expressly confers jurisdiction of the action from the time of the allowance of the attachment. The omission to serve the summons personally, or by publication within thirty days afterward, was an irregularity which entitled the defendant to avoid all proceedings after the issuing of the attachment, but such omission did not render the proceedings void as regards third persons. The defendant undoubtedly might waive the effect of such omission, and that is the test, whether the defect shown is a nullity or a mere irregularity. *Clapp* v. *Graves*, 26 N. Y. 418; *Bascom* v. *Smith*, 31 id. 595; *Reinmiller* v. *Skidmore*, 7 Lans. 161, affirmed in Court of Appeals in January, 1875. Upon this ground we think the case of *Gere* v. *Gundlach*, 57 Barb. 13, was rightly decided. In *Waffle* v. *Globe*, 53 Barb. 517, and *Taddiken* v. *Cantrell*, 4 N. Y. Sup. 222, the defendant, and not a third person, was the moving party. For that reason those cases are not authority for the position assumed by the appellant here.

The order should be affirmed, with costs.

*Order affirmed.*