By the Court.—Speir, J.
It is well settled that, in an action on an undertaking, the defendants are estopped from denying any fact recited in the undertaking. If the parties to the action chose to do so they could waive the issuing of the attachment and the seizure of the property under it, and the waiver *209 would be a good consideration for the undertaking, which the defendant would have been required to give on an application to discharge an attachment actually-issued and levied. The giving of the undertaking concludes the parties on the bond (Haggart v. Morgan, 5 N. Y. 422). Unless there be proof that the undertaking was executed under circumstances which made it void, the legal presumption is that it is consistent with the testimony given and the testimony offered.
There was no evidence showing that the plaintiff was privy to any arrangement between Barrowcliffe and his sureties, in order to induce them to sign the bond. The offer of testimony, therefore, to show how much certain property, assigned by Barrowcliffe to the defendants as security for their liability on the undertaking, brought at a sale, was not within the issues, and was properly rejected. Whatever the relations between Barrowcliffe and his sureties might be, it cannot affect the relation of the plaintiff to them unless it appears that the former was privy thereto.
The objection that the plaintiff was bound to prosecute the sureties on the undertaking on appeal to the general term before bringing this suit, cannot be sustained. The case of Hinckley v. Kreitz (58 N. Y. 583), relied on to sustain the proposition, is not in point. All the case decided was that the sureties, in an undertaking given on appeal to the general term, conditioned that the appellant will pay all costs and damages which may be awarded against him on said appeal, are not liable for the costs of an appeal by -the principal to the court of appeals from the judgment of affirmance of the general term. And in that case an appeal to the court of appeals was taken and a new undertaking was given for the judgment and costs, and it was held as between two sets of sureties, that the primary liability rests upon the latter, and their release by the judgment" creditor discharges the former. *210 The decision has no bearing upon the question raised here.
The judgment must be affirmed, with costs.
Freedman, J., concurred.'