GEORGE W. CHASE, as County Treasurer, Respondent, v. ELIZABETH LAWSON and Others, Defendants.

JASON F. CLAPP, Purchaser, Appellant.

*Service of summons by publication — what facts show that personal service of the summons cannot be made.*

An order for the service of a summons by publication, in an action to foreclose a mortgage, was made upon the affidavit of one Wood, who stated that he learned from one Tibbs, at Wappinger's Falls, Dutchess county, that two of the defendants resided in Philadelphia, Pennsylvania, and three others at Danbury, Connecticut, the said Tibbs being a brother-in law of one of the said defendants. The plaintiff's attorney also made an affidavit, stating that he was informed and believed that the said defendants were non-residents of this State, but resided at the places above-mentioned; and further stated " the sources of deponent's information is the affidavit annexed hereto made by George Wood, who was employed by deponent to ascertain the residences of said parties; that said defendants cannot, after due diligence, be found within this State, and that deponent is informed and believes that said defendants are now at the places above stated."

*Held*, that the affidavits sufficiently showed that the plaintiff had been and would be unable, with due diligence, to make personal service of the summons on these defendants, and conferred jurisdiction upon the justice to make the order.

APPEAL from an order made at a Special Term, compelling **a** purchaser to accept a deed.

*T. C. Wakeman,* for the appellant.

*William R. Woodin,* for the respondent.

DYKMAN, J.:

This was an action to foreclose a mortgage, and at the sale under the judgment Jason F. Clapp became the purchaser. He refused to complete the purchase, on the claim that the affidavits, on which an order for the service of the summons on some of the defendants by publication was founded, were insufficient to confer jurisdiction on the court to make the order. These affidavits are, first, one of George Wood, that he learned from Joseph Tibbs, at Wappinger's Falls, Dutchess county, that Edward H. Clapp and Anna Clapp resided in the city of Philadelphia, in the State of Pennsylvania, and that Elizabeth Lawson, Charles Lawson and Sarah Lawson, his wife, and Cora Lawson, reside at Danbury, in the State of Connecticut, and that said Joseph Tibbs was a brother-in-law of Elizabeth Lawson. Then there was an affidavit of the plaintiff's attorney, with the the summons and verified complaint annexed, that, as he was informed and believed, all the defendants, Edward H. Clapp and Annie Clapp, were not residents of this State, but resided in the city of Philadelphia, in the State of Pennsylvania, which is their post-office address, and that the defendants Elizabeth Lawson, Charles Lawson and Sarah Lawson, his wife, and Cora Lawson, are not residents of the State, but reside in Danbury, in the State of Connecticut, which is their post-office address ; " that the sources of deponent's information is the affidavit annexed hereto, made by George Wood, who was employed by deponent to ascertain the residences of said parties ; that said defendants cannot, after due diligence, be found within this State, and that deponent is informed and believes that said defendants are now at the places above stated." Such was the proof on which the order for service by publication was founded, and a careful examination leads to the conclusion that it is a valid order. Section 439 of the Code of Civil Procedure requires the order to be founded upon a verified complaint, showing a sufficient cause of action against the defendant to be served, and

proof by affidavit of the additional facts required by the preceding section, that the defendant to be served, being a natural person, is not a resident of the State. So far the affidavits comply with the requirements of these sections; but where the application is made, as it was here, upon the ground that the defendants are not residents of the State, the last section also requires proof by affidavit that the plaintiff has been, or will be, unable, with due diligence, to make personal service of the summons.

To meet this last requirement of the statute some effort or diligence to make personal service in the State is necessary. What is suitable and proper diligence may depend somewhat upon the peculiar facts and circumstances of each case. The statute uses the well understood term, due diligence, which intends not diligence extraordinary or extreme, but only proper and suitable.

In this case the affidavits show no effort to secure personal service of the summons in this State, but proof is made to show that no diligence would result in such service, and that the plaintiff would be unable to make such service, because the defendants to be served were then not only non-residents of this State, and residents of the State of Pennsylvania and Connecticut, but were actually located and living at their respective places of residence within those States. For this purpose the attorney for the plaintiff states in his affidavit, " that deponent is informed and believes that said defendants are now at the places above stated." * * *

If this statement is to be accepted as proof of the fact, then proof of any effort to make personal service in this State was unnecessary, because it thus appears that it would have been unavailing, and that the plaintiff would have been unable with any extent of diligence to make such service, and that these defendants could not, after due diligence, be found within this State, and the law will not require a vain attempt or idle ceremony.

When this last fact appeared by the affidavit the judge obtained jurisdiction to make the order. It is true that the fact of inability to find the defendant within the State to make personal service must usually be manifested by proof of effort, but the statute prescribes no form of proof, and any fact showing that the plaintiff will be unable to make personal service within the State will suffice. So the fact thus stated had a legal tendency to make a case and lay

the foundation for the order of publication, and that is sufficient to authorize the judge to make it. ( *Von Rhade* v. *Von Rhade*, 2 T. & C., S. C. R., 491.) It was therefore valid and safe from collateral attacks. (*Staples* v. *Fairchild*, 3 N. Y., 46.)

It is true the fact that the defendants to be served were, at the time at their respective places of residence, out of this State, is stated by the attorney on information and belief, but he had employed Wood to ascertain their residence, and so had made efforts to procure correct information on the subject; allegations on information and belief respecting the residence of these defendants were proper to be considered on the application for the order. (*Howe Machine Co.* v. *Pettibone*, 74 N. Y., 69; *Van Wyck* v. *Hardy*, 39 How., 393.)

Our conclusion is, therefore, that there was proof by the affidavits on which this order was founded that the defendants could not after due diligence be found within this State, as was said by Mr. Justice PRATT in his opinion in the case of *Lockwood* v. *Brantly* (31 Hun, 157), "Where a party is shown to be actually at a certain place out of the State it follows that he cannot, with any amount of diligence, be found within the State."

The order appealed from should be affirmed, with costs and disbursements.

PRATT, J., concurred; BARNARD, P. J., not sitting.

Order affirmed, with costs and disbursements.