## KANSAS & ARKANSAS VALLEY RAILWAY COMPANY *v.* FITZHUGH.

### Opinion delivered November 30, 1895.

BILL OF EXCEPTIONS—DEATH OF JUDGE—MANDAMUS TO CLERK.—
Mandamus will not lie to compel the clerk of the circuit court to sign the name of the trial judge, who died since the trial, to the bill of exceptions, as it is not his duty under any circumstances to do so.

Petition for mandamus to Crawford Circuit Court.

HUGH F. THOMASON, Judge.

*C. B. Moore* and *Dodge & Johnson* for petitioners.

The bill of exceptions must be signed by the judge presiding at the trial. 40 Ark. 172; 37 *id.* 370; 42 *id.* 278; 34 *id.* 627; 37 *id.* 528; 51 *id.* 279; Mansf. Dig. sec. 5160. We have no statute settling the practice, in case of the death of the presiding judge. Equity, doubtless, has power to grant relief (35 Ark. 124; 40 *id.* 339; 40 *id.* 551); but this court has general superintending power over all inferior courts, and, in aid of its appellate and supervisory jurisdiction, may issue remedial writs, and, we think, has power to compel the clerk to sign the judge's name to the bill of exceptions, etc. See 34 Ark. 177; 35 *id.* 298; 48 *id.* 283; 45 *id.* 158; 39 *id.* 129; 1 *id.* 280; 2 Duer (N. Y.), 607; 11 N. Y. 343; 1 Kernan, 345; 3

S. & Marsh. 119; 6 How. Pr, 445; 6 Cowen, 746; Art. 7, sec. 4, const. 1874; 35 Ark. 301. See, also, as to power of supreme court to grant relief in such cases, 41 Mich. 726; 20 Wis. 215; 25 Cal. 365; 35 Mo. App. 39; 7 So. 383; 35 N. E. 604.

*Chew & Fitzhugh* and *Williams & Bradshaw.*

Mandamus lies only to compel the performance of a legal duty. Merrill on Mandamus, sec. 78; 34 N. J. 254; 18 Fla. 17. It will not lie to compel a man to do that which the law does not make his duty to perform. *Ib.* 79. It is not the duty of a clerk to sign his own name, or that of a judge to a bill of exceptions.

RIDDICK, J. Henry L. Fitzhugh, as administrator of the estate of John Franklin, deceased, brought suit and recovered a judgment in the Crawford circuit court against the defendants, Kansas & Arkansas Valley Railway and Little Rock & Fort Smith Railway, for the sum of three thousand and fifty dollars. On the same day that the judgment was rendered, a motion for a new trial was filed, overruled, exceptions noted, appeal prayed, and sixty days granted defendants to prepare and file their bill of exceptions. Eight days afterwards, and before the bill of exceptions was prepared and submitted to the judge who presided at the trial, he died. Thereupon said defendants filed their petition in this court, asking that the clerk of the Crawford circuit court be compelled by a writ of mandamus to sign the name of the presiding judge to said bill of exceptions.

The application for the writ must be denied. It is not the duty of the clerk of the circuit court, under any circumstances, to sign the name of the judge thereof to a bill of exceptions, and the writ of mandamus cannot be invoked to compel an officer to do that which the law does not make it his duty to do. It

lies only to compel the performance of legal duties. *Chicot Co.* v. *Kruse*, 47 Ark. 85 ; *Fitch* v. *McDiarmid*, 26 Ark. 482 ; *Brownsville* v. *Loague*, 129 U. S. 493 ; Merrill on Mandamus, sec. 50.