Argued 10 January; decided 18 March; rehearing denied 8 July, 1901.

### GEORGE v. NOWLAN.

[64 Pac. 1.]

JURISDICTION OF BILL TO IMPEACH A DECREE — EQUITY.

1. Where there are no allegations in the complaint in a suit to set aside a foreclosure decree, and to enjoin the execution of a sheriff's deed to a purchaser, that the decree was procured by fraud, or that defendant was prevented from making a defense by fraud, accident, or excusable mistake, and there is no showing of a meritorious defense, the decree will be set aside only on a showing that it is void, and that the execution of the deed will create a cloud on plaintiff's title.

SUIT TO IMPEACH DECREE — BILL OF REVIEW.

2. A suit to vacate a decree cannot be sustained as a bill of review for error apparent on the record, for its object is not to correct but to destroy.

BILL OF REVIEW — TIME FOR TAKING.

3. A bill to review a decree for error apparent on the record must be brought within the time allowed for taking an appeal.

IRREGULAR DECREE — COLLATERAL ATTACK.

4. The fact that a judgment or decree is entered for a sum larger than is authorized by the pleadings does not render it void, but constitutes an irregularity only, and the judgment or decree is not on that account open to collateral attack.

EQUITY — VOID JUDGMENT — CLOUD ON TITLE.

5. A sale of land under a judgment or decree void on its face will be restrained by a court of equity when necessary to prevent a cloud on the title: *White* v. *Espey*, 21 Or. 328, cited.

AFFIDAVIT FOR PUBLICATION OF SUMMONS — COLLATERAL ATTACK.

6. Under Hill's Ann. Laws, § 56, requiring that certain facts shall be

made to appear by affidavit to the satisfaction of the court before an order of publication is made, it is sufficient that the affidavit tends to prove such facts, and if the court adjudges it sufficient by acting upon it, such adjudication is conclusive in a collateral proceeding, though there may be defects in the affidavit which could have been taken advantage of by some direct proceeding.

Sufficiency of Published Summons.

7. Under Hill's Ann. Laws, § 56, requiring a published summons to contain "a succinct statement of the relief demanded," a statement that the plaintiff will ask a decree for the sale of lands located in certain sections, and specifically described in the complaint, and for other relief as prayed for, is sufficient, though it does not give the amount for which the land will be sold, or any data for ascertaining the amount, or any detailed description of the land.

From Clatsop: Thos. A. McBride, Judge.

This is an original suit by Melvin C. George, J. P. Eckler, and W. E. Stewart against M. Nowlan and the sheriff of Clatsop County to impeach and set aside a decree in a suit to foreclose a mortgage, and to enjoin the delivery of a sheriff's deed to a purchaser thereunder. The facts are that on March 14, 1890, one Oliver Stewart gave a mortgage to the defendant Nowlan on certain real property in Clatsop County to secure the payment of two promissory notes, for $7,500 each, due September 14, 1890, and March 14, 1891, respectively. After the execution of the mortgage the plaintiffs George and Eckler became the owners of an undivided one-half of the mortgaged premises, and the plaintiff W. E. Stewart of an undivided one-tenth thereof. On May 28, 1896, default having been made in the conditions of the mortgage, Nowlan began suit to foreclose the same, making George, Eckler, and W. E. Stewart, parties thereto. George and Eckler were each personally served with process, and Stewart was served by publication. Thereafter, and on January 6, 1897, such proceedings were had in the suit that a decree by default was rendered, foreclosing the mortgage and decreeing the sale of the mortgaged premises to satisfy

the amount due on the notes, attorney's fees, costs, and disbursements; but, through an error in computation, it was entered for $500 in excess of the amount due. On January 13, 1897, an execution was issued on the decree, and an attempt made to sell the mortgaged premises, which were bid in by Nowlan, the defendant herein, for $1,000 more than the amount due on the decree. The sale was confirmed, but at the same term of court an order was made vacating the confirmation and sale on account of errors and irregularities in the proceedings, and a resale ordered. On June 12, 1897, a second execution was issued, in pursuance of which the property was again sold to Nowlan for the face of the decree and accruing costs. This sale was confirmed on September 21; but on January 21, 1898, without offering to redeem or tendering the amount actually due, this suit was commenced to set aside the decree, sale, and confirmation, and to enjoin the delivery of the sheriff's deed, on the ground that the decree is void because it was given for an amount in excess of that demanded in the complaint, and, as to the plaintiff Stewart, for the further reason that the affidavit for publication and the published summons were insufficient. The decree in the court below was in favor of the defendants, and the plaintiffs appeal.                                    AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. William M. Gregory.*

For respondents there was a brief over the names of *Fulton Brothers* and *John Q. A. Bowlby,* with an oral argument by *Mr. Chas. W. Fulton* and *Mr. Bowlby.*

MR. CHIEF JUSTICE BEAN, after stating the case, delivered the opinion of the court.

1.    The only theory on which this suit can be maintained is that the decree in the suit of *Nowlan* v. *Stewart* is void, and that a sheriff's deed upon a sale thereunder would cast

a cloud upon the plaintiffs' title. There is no allegation that there was any fraud in the procurement of the decree, or that the plaintiffs were deprived of the right to make a defense thereto on account of fraud, inevitable accident, or excusable mistake on their part. Nor is there any showing of a meritorious defense, and so the complaint does not state any special ground for equitable interference: *Handley* v. *Jackson,* 31 Or. 552 (65 Am. St. Rep. 839, 50 Pac. 915).

2. Nor can it be sustained as a bill of review for error apparent on the face of the record, because its object is to impeach and set aside the decree entirely, and not to reverse or correct it.

3. Moreover, such a suit, if proper at all in this state, is a common-law right, and must be brought within the time allowed by statute for an appeal: Story, Eq. Pl. (9 ed.), § 410; 2 Beach, Mod. Eq. Prac., § 864; 2 Daniell, Ch. Prac. (6 Am. ed.), \*1580; 3 Enc. Pl. & Prac. 583, and cases cited.

4. Now, so far as the plaintiffs George and Eckler are concerned, their only contention is that the decree as entered is erroneous because in excess of the amount demanded in the complaint. It is admitted that the court rendering the decree had jurisdiction of the subject-matter and the parties, and it is a well-settled rule that a court of equity will not enjoin such a decree for errors or irregularities; for, as said by the editor of the American State Reports, in an exhaustive note on the subject: "Courts of equity do not exercise a revisory jurisdiction in proceedings to enjoin judgments or other decisions, but interpose only when, from some cause, not attributable to the fault of the complainant, he was not able to present his cause of action or of defense to the court or tribunal having jurisdiction of it, and his inability to so present it has resulted in his injury. In every case in which application is made to a court of equity by an independent suit for relief against a judgment or other decision, it is incumbent on the complaint (complainant) to establish (1) that

he has lost a cause of action or of defense, or some part thereof; (2) that such loss occurred either because the court in the former proceeding or action was not competent to hear it and to grant relief thereupon, or because he was prevented from presenting it or having it properly considered, either through fraud, accident, mistake, or some other sufficient ground for the interposition of equity; and (3) that unless he secures relief in equity he will be without any adequate remedy": *Little Rock & Ft. S. Ry. Co.* v. *Wells*, 61 Ark. 351 (54 Am. St. Rep. 216, 221, 30 L. R. A. 560, 33 S. W. 208). Rendering a judgment for a greater amount than authorized by the pleadings is an error or irregularity, within the meaning of this rule, and it is immaterial that it was by default: *Chase* v. *Christianson*, 41 Cal. 253; *Gum-Elastic Roofing Co.* v. *Mexico Pub. Co.*, 140 Ind. 158 (39 N. E. 443, 30 L. R. A. 700); *King* v. *Vaughan*, 8 Yerg. 59 (29 Am. Dec. 104); *Rogers* v. *Stokes*, 87 Tenn. 294 (11 S. W. 215). A party injured by such a judgment or decree must therefore seek redress in the original action or suit (17 Am. & Eng. Enc. Law [2 ed.], 820), although, perhaps, its enforcement as to the excess may be enjoined when the judgment debtor himself does equity by paying or tendering the amount actually due: *Little Rock & Ft. S. Ry. Co.* v. *Wells*, 61 Ark. 351 (54 Am. St. Rep. 216, 221, 33 S. W. 208, 30 L. R. A. 560). We conclude, therefore, that the plaintiffs George and Eckler are not entitled to the relief demanded, and that as to them the suit must be dismissed.

5. This brings us to the question whether the decree is void as to the plaintiff Stewart for want of jurisdiction. There is some conflict in the authorities as to whether a court of equity will enjoin the sale of real property under a judgment or decree void upon its face. But the rule seems to be settled in this state that the court will interfere in such case when necessary to prevent a cloud on title: *White* v. *Espey*, 21 Or. 328 (28 Pac. 71).

6. The objections made by the plaintiff Stewart to the decree are ( 1 ) that the affidavit for the order of service of summons upon him by publication is fatally defective; and (2) that the summons as published is insufficient, under the statute. The affidavit sets up that the plaintiff "has a cause of suit against the above-named defendants   *   *   * to collect of defendant Oliver Stewart two seventy-five hundred dollar notes," and "to foreclose a mortgage, given to secure the payment of said notes, on lands situate in Clatsop County, Oregon, to wit, lots 4 and 5 in section 20; the N. W. ¼ of N. W. ¼ of section 29; also a portion of the donation land claim of Addison Jewett; that the particulars of the suit, claim, and description of the land are more specifically set out in the verified complaint filed in this suit, to which reference is hereby made.   *   *   *   W. E. Stewart and Lily D. Stewart are not residents of the State of Oregon, and are neither of them in this state now, but are residents of Streator, in the State of Illinois, and their postoffice address is Streator, Illinois;   *   *   *   that each and all of these nonresidents are necessary parties to this suit, and service of summons cannot be had upon them in this state other than by publication." Based upon this affidavit, "the verified complaint," and "the return of the sheriff," the court made an order for service upon Stewart and wife by publication. The specific objections to the affidavit are that it does not show that the plaintiff in the foreclosure suit had a cause of suit against the defendants named in such affidavit, and especially against Stewart, the plaintiff in this suit, nor did it show that he had or claimed any interest in the subject-matter of the suit, or was a proper or necessary party to a suit relating to real property in the state. In these particulars the affidavit may be defective, but the decree cannot be impeached for that reason. The statute requires that certain facts shall be made to appear by affidavit, to the satisfaction of the court or judge thereof (Hill's Ann. Laws,

§ 56), before an order of publication is made; and where the affidavit tends to prove such facts, and the court or judge adjudges it sufficient, such adjudication is conclusive in a collateral proceeding:    17 Enc. Pl. & Prac. 78; *Pennoyer* v. *Neff*, 95 U. S. 714.    The defects in the affidavit referred to could have been taken advantage of by an appeal or some other direct proceeding, but do not furnish ground for an injunction restraining the enforcement of the decree.

7.    The summons, as published, notified the defendants therein named that, if they failed to appear and answer within the time specified, "for want thereof the plaintiff will take decree against you for the sale of certain lands in Clatsop County, Oregon, for the foreclosure of a mortgage executed by the defendant Oliver Stewart.    Said lands are particularly described in the complaint in this suit.    Said lands are situate in sections 20, 29, and the donation land claim of Addison Jewett, township 8 north, range 9 west,— and for such other relief as prayed for, and shall be deemed by the court proper."    The statute requires that the summons published shall contain, among other things, "a succinct statement of the relief demanded" (Hill's Ann. Laws, § 56), and the contention is that the summons in this case does not comply with such provision.    This statute, as the language imports, does not require the summons to contain a full statement of the relief demanded in the complaint, but simply a concise or summary statement thereof; and in our opinion the summons in question is sufficient, under the statute:    16 Am. & Eng. Enc. Law, 815, 816, and citations.    The decree from which the appeal was taken must therefore be affirmed, and it is so ordered.        AFFIRMED.