RANCH v. WERLEY et al.

(Circuit Court, D. Oregon. March 4, 1907.)

No. 3,001.

1. PROCESS—SERVICE BY PUBLICATION—AFFIDAVIT.

Under B. & C. Comp. Or. § 56, which provides that an order for service on a defendant by publication may be made when the defendant, after due diligence, cannot be found within the state, and that fact is made to appear by affidavit to the satisfaction of the court or judge, an affidavit is sufficient to sustain a judgment rendered on such service when collaterally attacked where it showed that the defendant was a corporation of another state where it had its principal office, that a summons had been issued and returned by the sheriff without service, and that the affiant had made diligent inquiry from a number of persons who were named, and could not learn from them of any officer or agent of the defendant on whom service was authorized by the statute within the state.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Process, §§ 177–180, 193.]

2. SAME—ORDER AND SUMMONS—OREGON STATUTE.

Under B. & C. Comp. Or. §§ 56, 57, relating to service by publication, which provide that the summons published shall state the time within which the defendant is required to answer; that the order shall direct the publication to be made not less than once a week for six weeks; that the defendant shall appear and answer on or before the last day of the time prescribed in the order; and that the service shall be deemed complete "at the expiration of the time prescribed for publication"—an order and published summons are sufficient where they state the day of first publication, and that defendant is required to appear and answer on or before the day of the last publication, giving the date.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Process, §§ 123, 129, 130.]

3. SAME—MAILING SUMMONS TO DEFENDANT.

The requirement of B. & C. Comp. Or. § 57, that in making an order for service by publication "the court or judge shall also direct a copy of the summons and complaint to be forthwith deposited in the post office, directed to the defendant at his place of residence," is complied with in case of a foreign corporation defendant by directing the copies of the summons and complaint to be addressed to the corporation at the place

where it has its principal office, and it is not necessary that any shall be mailed to its officers.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Process, § 135; vol. 12, Corporations, §§ 2610–2623.]

**4. SAME—PROOF OF PUBLICATION—AMENDMENT.**

Under the law of Oregon proof of publication of a summons may be amended by leave of court at any time, with or without notice, to correct an error therein and to conform to the facts, and if, as amended, it shows jurisdiction in the court, the record will be sufficient to sustain a judgment previously rendered as against a collateral attack, where rights of third parties have not intervened; nor is it essential that the order permitting the amendment shall direct the amended return to be filed nunc pro tunc.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Process, §§ 193, 249.]

**5. JUDGMENT—COLLATERAL ATTACK—GROUNDS OF IMPEACHMENT.**

That a mortgagee, after foreclosing his mortgage and selling the property, sued on the original note after crediting thereon the proceeds of the sale, instead of on the deficiency decree, if unauthorized, was matter of defense, but it did not constitute a fraud for which the judgment rendered may be impeached in a court of equity.

**6. QUIETING TITLE—SUIT TO REMOVE CLOUD—DEFENSES.**

That the defendant is in possession is a complete defense to a suit to remove a cloud on title under the Oregon statute.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 41, Quieting Title, §§ 8–11, 44, 45.]

**7. ATTACHMENT—VALIDITY—OREGON STATUTE.**

It is not essential under the Oregon statute that a summons should be served and filed before the issuance of an attachment, but it is sufficient if it has been issued.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attachment, § 398.]

In Equity.

This is a suit to remove clouds from title to certain real property, situate in Coos county, Or. The complainant alleges ownership and title in himself, and that the property is clouded by certain proceedings, culminating in sheriff's deeds conveying the same, in pursuance of orders of court, to the defendant Werley. The complainant derives title from the defendant the Coos Bay Land Company through deed executed some time in the year 1905. The first of the proceedings complained against consists of a suit instituted by Werley in the circuit court of the state of Oregon for Coos county against the defendant the Coos Bay Land Company on July 26, 1901, to foreclose a mortgage given by the Coos Bay Land Company to him July 1, 1896. All the steps taken leading up to the decree of foreclosure are set out by the bill of complaint, and thereafter such as were had terminating in the execution of the sheriff's deed to Werley. It is further alleged that, by reason of certain irregularities attending such proceedings, the court failed to acquire jurisdiction to enter the decree, and hence that the sheriff's deed is inoperative to vest title in Werley, and constitutes a cloud upon complainant's title. It is further alleged that thereafter, to wit, on June 29, 1903, the defendant Werley instituted an action in the circuit court of the state of Oregon for Coos county against the Coos Bay Land Company, upon a pretended demand against said company, which was falsely and fraudulently alleged to consist of a promissory note executed by the said company to Werley, when in truth and in fact he (Werley) was not possessed of nor entitled to assert any such demand against said company; that in such action an attachment was issued and levied upon certain of the real property described in complainant's bill of complaint; that a judgment was subsequently rendered, and the property sold under execution to Werley, who acquired a sheriff's deed therefor; and that these proceedings, also, together with the said sheriff's deed, constitute

a cloud upon complainant's title. The defendant Werley pleads three defenses. By the first he also sets up all the steps taken in the foreclosure of his mortgage, culminating in the execution of the sheriff's deed to him; but, in addition, has disclosed a further proceeding had, intended as a correction of the printer's return touching the publication of summons in that suit. By the second he likewise sets out in detail all the steps taken touching the attachment action, and in this has disclosed nothing of substance further than that contained in the bill of complaint; but he asserts, in effect, that the demand sued on was the balance due upon the promissory note sued on in the foreclosure proceedings, after the application of the amount realized from the sale of the mortgaged property. And by the third he shows that he is a mortgagee, and sets up again the proceedings of foreclosure and those had in the attachment action, and that he is in possession. The complainant has interposed a motion to strike out each of these separate defenses as sham, frivolous, and irrelevant; and another for judgment on the pleadings in favor of complainant and against the defendant Werley.

T. O. Abbott, for complainant.

John T. Welsh and Martin C. Welsh, for defendant Werley.

WOLVERTON, District Judge (after stating the facts). In submitting this cause at the argument, counsel have not discriminated between the two motions, and have simply argued the points which the complainant has made, and which are relied upon as invalidating the proceedings of foreclosure and those by way of attachment, and ultimately the title of the defendant Werley, which he holds by virtue of such proceedings. I will therefore take up the questions as they arise in their natural or chronological order.

The first is touching the sufficiency of the affidavit for publication made in the foreclosure proceeding. It is submitted that such affidavit does not set forth the requisite facts to show that the defendant the Coos Bay Land Company, or any of its officers or agents upon whom legal service could be made, could not, after due diligence, be found within the county of Coos and state of Oregon. The affidavit in question was made by W. U. Douglas, the attorney for plaintiff in that suit, and, in so far as it is material, avers as follows:

"That the defendant Coos Bay Land Company is a corporation organized and existing under and by virtue of the laws of the state of Washington and has real property in this county and state, which are particularly described in the mortgage in the complaint in said suit, and a copy of which complaint is hereunto attached. That said corporation cannot after due diligence be found within this county and state, nor any president or other officer, secretary, cashier, managing agent, or any agent or clerk thereof, for the reason that to my personal knowledge said corporation has had no office or place of business within this county and state, nor any officer, president, secretary, cashier, managing, or any agent or clerk herein for several years last past, and I have made diligent search and inquiry of persons living on the lands of said corporation defendant in East Marshfield, Oregon, and of the assessor, John Lawrence, and of the supervisor, F. P. Norton, of the district in which said lands of said corporation are situated, and other persons likely to know, and am informed by them that they do not know of any office or place of business of said corporation, or of any officer, managing agent, or any agent or clerk of said defendant corporation within this county and state. * * * That on the 26th day of July, 1901, a summons herein was issued in the above-entitled suit and delivered to the sheriff of Coos county, Oregon, together with a certified copy of the complaint therein, and that said sheriff made return of said summons without service. * * * That the principal office and place of business of said Coos Bay Land Company is South Bend,

Washington, and that the place of residence of its president, F. L. Rice, is Seattle, Washington."

The question is whether this affidavit states facts sufficient to support the order of the judge of the county court directing that serv ⸗ of summons be made by publication upon the defendant the Coos Bay Land Company. A question of similar character arose in Cohen v. Portland Lodge No. 142 (C. C.) reported in 144 Fed. 266, and it is fully discussed by the opinion in that case. It is deemed sufficient, under the authorities, that facts be stated from which it shall appear, to the satisfaction of the court or judge making the order, that personal service cannot be had upon the defendant within the state, and, if the affidavit contains evidence legally competent upon which to support the order, the record will be deemed sufficient in any collateral attack whereby the proceeding complained of is sought to be overthrown. The affidavit under discussion shows that the Coos Bay Land Company was a nonresident corporation, organized and existing under the laws of the state of Washington, that its principal office and place of business was at South Bend, Wash., and that diligent search and inquiry had been made to ascertain whether or not any proper officer or agent of the corporation was to be found within Coos county or the state of Oregon upon whom service could be had. It sets out with much detail what effort was made to ascertain whether or not such an officer upon whom service could legally be made was within the county and state; and not only this. It sets out, further, that a summons was placed in the hands of the sheriff, and by him returned without service, which return shows that, after due and diligent search, he was unable to find a proper person within the county and state upon whom to make the service. Here is exhibited a considerable degree of diligence, and the result of the effort in that direction is aptly averred. I am of the opinion that the affidavit is quite sufficient to support the order of the judge. In this connection, the question is made by counsel for complainant that the return of the sheriff is insufficient, in that he recites that due and diligent search and inquiry have been made, without setting out the facts as to such search. But it must be remembered that the effort made by the sheriff, and his return, constitute part of the facts only recited in the affidavit to show that the complainant made the requisite search to find a proper person within the county and state upon whom to make service as it respects the defendant company, and that the question as to whether the sheriff made diligent search or not is not a matter to be determined in this cause. The sheriff's authority does not extend beyond the county. But the fact that summons was placed in his hands, and that he returned it without service, is some evidence of diligence, which, together with the other diligence shown, I hold to be sufficient to support the order.

The next question pertains to the sufficiency of the order of publication and of the summons published. The order runs, after reciting the preliminary matters, as follows:

"It is therefore ordered that service of the summons in the above-entitled suit upon said defendants Coos Bay Land Company  *   *   *  be made by publication thereof, in the 'Coast Mail.' a newspaper of general circulation, published weekly at Marshfield, Coos county, Oregon, for once a week for six

consecutive weeks, beginning July 27, 1901, and, it appearing that the residence of the president of said defendant Coos Bay Land Company is Seattle, state of Washington, and that the office and principal place of business of said corporation defendant is South Bend, Washington, * * * it is hereby directed that a copy of the summons, together with a copy of the complaint inclosed in an envelope, be deposited in the post office, directed to the Coos Bay Land Company at South Bend, Washington, and likewise a copy of said summons and complaint deposited in the post office and directed to the president of said defendant corporation at Seattle, Washington."

The summons published reads:

"You are hereby notified that you are required to appear in the above-entitled court and answer the complaint filed against you in the above-entitled suit within six weeks from July the 27th, 1901, the first day of publication of this summons, and if you fail so to appear and answer on or before the 7th day of September, 1901, the last day of the time prescribed in the order for publication of this summons, for want thereof plaintiff will take decree against you for the sale of certain lands [describing them] more particularly described in the mortgage in complaint herein set forth, for judgment against said defendant Coos Bay Land Company for $6,024.70 and interest thereon as prayed for in the complaint, and for such other relief as prayed for in the complaint and shall be deemed by the court proper."

The first question presented in this relation is whether the order and published summons contained a proper direction as to the time in which the defendant should appear and answer the complaint. This requires a statement of the provisions of the statute, as it relates to the present matter. Section 56 of Bellinger & Cotton's Compilation provides that:

"When service of summons cannot be made as prescribed in the last preceding section, and the defendant after due diligence cannot be found within the state, and when that fact appears by affidavit to the satisfaction of the court or judge thereof, * * * and it also appears that a cause of action exists against the defendant, or that he is a proper party to an action relating to real property in this state, the court or judge thereof * * * shall grant an order that the service be made by publication of a summons in either of the following cases:

"(1) When the defendant is a foreign corporation and has property within the state, or the cause of action arose therein.

*    *    *    *    *    *    *    *    *    *

"(3) When the defendant is not a resident of the state, but has property therein, and the court has jurisdiction of the subject of the action.

"The summons published shall contain the name of the court and the title of the cause, a succinct statement of the relief demanded, the date of the order for service by publication, and the time within which the defendant is required to answer the complaint."

Section 57 provides:

"The order shall direct the publication to be made * * * not less than once a week for six weeks. * * * The court or judge shall also direct a copy of the summons and complaint to be forthwith deposited in the post office, directed to the defendant at his place of residence. * * * In either case, the defendant shall appear and answer on or before the last day of the time prescribed in the order for publication, and if he does not, judgment may be taken against him for want thereof. The summons shall always specify the time prescribed in the order for publication, and, if published, the date of first publication. The time prescribed in the order shall begin to run from the day of first publication, or of personal service, as herein provided, and the service of such summons shall be deemed complete at the expiration of the time prescribed for publication as aforesaid."

152 F.—33

It is objected, the defendant having been required to appear and answer on or before the last day of the six weeks, that sufficient time was not given under the statute, and that, therefore, the attempted service was void. It seems to me quite clear that the provision of the statute last above quoted, namely, "The service of such summons shall be deemed complete at the expiration of the time prescribed for publication," sets the matter entirely at rest. Under the general rule for the computation of time, and under the statute itself, it is requisite that the first day be excluded and the last included. It is essential, also, that there be full 42 days of publication in order to subserve the demands of the statute. By excluding the first day of service, namely, the 27th day of July, and including the last day, to wit, the 7th day of September, 1901, there will be full 42 days of service; and the defendant is required to appear and answer on or before the last day of such service. He has the whole of that day in which to make such appearance. By reference to the record it will be seen that a default and decree was not entered until three days thereafter, so that the defendant was not deprived of any of the statutory time in which to appear and answer. It is clear to my mind that the intendment of the statute is that the defendant may be required to appear, as in the present summons specified, on or before the last day of the publication thereof, and that that is a sufficient compliance with an order directing six weeks' service. Almost an identical order and summons was upheld in McFarlane v. Cornelius, 43 Or. 513, 73 Pac. 325, 74 Pac. 468.

The next question insisted upon is that the order does not direct a proper mailing of the summons. It is sufficient that the order required it to be mailed to the defendant company at South Bend, Wash. Where the corporation is a nonresident of the state, it is not necessary that the copies be mailed to the president, or secretary, or managing agent, etc., but the requirement of the statute is that it be mailed to the defendant; that is, the company itself. An analogous question has been recently decided in the case of Cohen v. Portland Lodge No. 142, supra. It is there held that a complete method is prescribed for service of summons by publication by sections 56, 57, Bellinger & Cotton's Compilation, and this without reference to the preceding section (55). So I hold here that the summons was properly required to be mailed to the defendant company at South Bend, Wash., and that it was properly so mailed as shown by the return as to the fact.

It is further urged that the summons published does not contain a succinct statement of the relief demanded, as required by statute. But this summons is very much like the one published in the case of George v. Nowlan, 38 Or. 537, 64 Pac. 1; and, without further discussion, that case may be considered as sustaining the validity of the summons in the present case.

Another question insisted upon is as to the sufficiency of the proof of service by publication. The proof was made by P. C. Levar, the foreman of the "Coast Mail," who avers:

"That the notice, of which the one hereto attached is a true and correct copy, was published in said newspaper once a week for six weeks, being published seven times—the first on the 27th day of July, 1901, and the last on the 7th day of August, 1901."

This return was subsequently amended, by leave of the court first had and obtained, namely, on September 12, 1903, so as to read: "The first on the 27th day of July, 1901, and the last on the 7th day of September, 1901." The application for leave to amend the return was made without notice to the defendant, and the order does not specify that the amended return should be filed nunc pro tunc. The real question is whether or not this amended return, made under the conditions recited, is sufficient. The question is not a new one in this court, as it was decided by Judge Deady in 1879, in the case of Rickards v. Ladd, 6 Sawy. 40, Fed. Cas. No. 11,804. That case involved an application, made without notice to the defendant, to amend a return nearly 11 years after the original was filed; and the court held that it was proper to permit the amendment to be made. The jurisdiction of the court to enter the decree is dependent upon the fact of service, and not upon whether the return shows proper service. If service has in reality been had, then jurisdiction attaches. It may be that the return is insufficient to show the fact of proper service, and, while the record remains in that condition, it will not support the judgment. But, whenever it transpires that the return has been so corrected, by proper authority, as to show adequate service, then the record will be sufficient in any collateral proceeding. These principles were announced by Judge Deady in the case above referred to, where, after a review of the authorities, he said:

"But the general rule seems to be that the court has the discretion to allow a return to be amended in all cases, with or without notice, but that such amended return cannot affect the right of third persons acquired in good faith prior thereto; and, whenever an amendment is so made, it cannot be questioned collaterally by the parties to the suit or those claiming under them as privies."

In further support of this view, see Weaver v. Southern Oregon Co., 30 Or. 348, 48 Pac. 167; Burr v. Seymour, 43 Minn. 401, 45 N. W. 715, 19 Am. St. Rep. 245; Frisk et al. v. Reigelman, 75 Wis. 499, 43 N. W. 1117, 44 N. W. 766, 17 Am. St. Rep. 198; Herman v. Santee et al., 37 Pac. 509, 103 Cal. 519, 52 Am. St. Rep. 145.

In the present case the amendment was permitted prior to the time when the Coos Bay Land Company conveyed to the complainant, so that the complainant, being privy to the land company, is bound by the rule cited, that the amendment can be made without notice.

It is suggested that the amended return is inoperative because it was not required to be filed nunc pro tunc; but I am unwilling to hold that such is the case. It would have been regular, no doubt, that the order should have so directed; but the fact remains that the return was corrected by leave of the court. It was filed in the cause, and is now a part of the record, and there appears to be no good reason why it may not relate back in support of the decree, with like force as if the regular nunc pro tunc order had been entered.

This disposes of all the objections made to the first further and separate answer; and, as it contains matter defensive to the bill of complaint, it will be allowed to stand.

As it relates to the attachment action, the record in which is complained of, some of the same questions just determined are again pre-

sented, and as to these it is unnecessary further to allude. It is the particular purpose of the bill of complaint to show that the institution of the action was a fraudulent proceeding, which was without any legal foundation for its support. Reference to the complaint set out in both the bill of complaint and the second separate defense proves that it was based upon a promissory note, executed by the Coos Bay Land Company to Werley, and that the complaint was amply sufficient to support the action. From the defensive matter interposed, it further appears that the note was the same as sued on in the foreclosure suit; the plaintiff in the action giving credit for what was realized from the premises foreclosed upon. This constitutes all there is of the fraud charged by the bill of complaint herein.

The question is urged: Could Werley legally sue upon the note to recover the balance due, or was he required to sue upon the deficiency decree left unsatisfied in the foreclosure suit? Werley certainly was guilty of no fraud in bringing the action as he did. If his demand, to wit, the note, had been satisfied or superseded by the decree in the foreclosure suit, that was a defense which should have been interposed in the action. I do not say that the note was so satisfied or superseded— as to this I do not wish to be understood as deciding—but, if it was, the fact should have been pleaded in the original action. There was ample opportunity for the Coos Bay Land Company to have so pleaded it, and, having suffered default, it is now beyond the power of a court of equity to grant relief. The second defense, therefore, should also be allowed to stand.

The crucial point of the third defense is that the defendant Werley is in possession. If this be so, he has a complete defense. Moore v. Shofner, 40 Or. 488, 67 Pac. 511. The matter pleaded, and the manner in which it is set out, is sufficient to show that the defendant is in actual possession, and the answer is therefore pertinent and relevant.

One other question submitted is that the attachment was prematurely issued. It is only necessary that the summons should first issue, not that it should be first served and filed, and the statute was here complied with. White v. Johnson, 27 Or. 282, 40 Pac. 511, 50 Am. St. Rep. 726.

Both the motion to strike and for judgment on the pleadings will therefore be denied, and such will be the order of the court.